UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*,<br><br>　　　　PLAINTIFF<br><br>　v.<br><br>Kathryn M. Crews,<br><br>　　　　DEFENDANT | Case No. 4:22-cv-00856-TLW<br><br><br>**Order** |

　　Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and alleged violations of her Fourteenth Amendment Rights. ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B).

　　After Plaintiff filed her complaint, the magistrate judge issued a proper form order advising Plaintiff to amend her complaint because it was subject to summary dismissal as filed. ECF No. 6. Specifically, the magistrate judge noted that Plaintiff's filed complaint had failed to state a claim because (1) It was unclear from the complaint who the defendants were; (2) Plaintiff failed to allege that she had received the necessary right to sue letter from the EEOC enabling her to bring an action pursuant to Title VII claim; (3) Plaintiff cannot sue individual defendants under Title VII; (3) Plaintiff is currently suing the named defendant, Kathryn

Crews, in two other federal actions; (4) Plaintiff currently has 3 federal suits involving the same set of facts; (5) Plaintiff's complaint failed to plausibly allege a Privacy Act claim; (6) Plaintiff's complaint failed to allege a Fair Credit Reporting Act claim; (7) there is no private, civil right of action under the criminal statutes cited in Plaintiff's complaint; (8) Plaintiff's complaint claims under "venue" that this is a removal action and a plaintiff cannot remove a case; (9) Plaintiff's complaint failed to allege facts to state a claim for racial discrimination, and (10) Plaintiff's complaint failed to allege a Fourteenth Amendment claim because she has not alleged deprivation of a liberty interest. *Id.* Despite the proper form order, Plaintiff did not file an amended complaint. Accordingly, the Report recommends that this Court dismiss Plaintiff's complaint without prejudice. ECF No. 11. Plaintiff timely filed objections to the Report on September 29, 2022, ECF No. 13. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other

> standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. After careful consideration, the Court concludes that the Plaintiff's objections offer no showing, either factually or legally, that the Report should be rejected. Therefore, **IT IS ORDERED** that the Report, ECF No. 11, is **ACCEPTED**, and the Objections to the Report, ECF No. 13, are **OVERRULED**. For the reasons stated in the Report, Plaintiff's complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

November 17, 2022
Columbia, South Carolina